UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN PATRICK WOOD,

        Plaintiff,

vs.   Case No. 2:02-cv-626-FtM-29DNF

PETER VARTIAINEN, WARREN CORNELL,
JAMES V. CROSBY and CLARENCE WHITE,

        Defendants.
_____

**OPINION AND ORDER**

**I. Status**

Plaintiff, a prisoner incarcerated within the Florida Department of Corrections who is proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on December 9, 2002. Plaintiff names the following Charlotte Correctional Institution staff as Defendants: (1) Peter Vartiainen, Mail Room Supervisor, (2) Warren Cornell, Warden; (3) Clarence White, Assistant Warden; and (4) James V. Crosby,[1] Secretary of the Department of Corrections. Plaintiff alleges that Defendants violated Plaintiff's First Amendment and Due Process Rights by confiscating "40 pictures of one woman which depict her in a series of provocative poses, which the Plaintiff believes goes from clad

---

[1] On March 11, 2004, the Court substituted James V. Crosby, Jr., the current Secretary of the Department of Corrections, for Michael Moore as the proper party defendant in his official pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure. See Doc. #37. The Court also granted Michael Moore's Motion to Quash Service of the Complaint and dismissed Plaintiff's Complaint against Michael Moore in his individual capacity. (Doc. #36).

to unclad." Complaint, p. 8.  Specifically, Plaintiff challenges the Department of Correction's regulation Rule 33-210.101 as being overly broad and unconstitutional.  Plaintiff further complains that his due process rights were violated when (1) prison officials failed to permit Plaintiff an opportunity to view the photographs so that he could adequately grieve the rejection of the photographs; and (2) the photographs were not reviewed by someone other than the person who initially disallowed the photographs. Plaintiff seeks punitive and compensatory damages, as well as injunctive relief.

On March 11, 2004, the Court partially granted Defendants' Joint Motion to Dismiss Plaintiff's Complaint to the extent the Court dismissed Plaintiff's requests for monetary damages from the Defendants in their official capacities. See the Court's Order (Doc. #37), at 6-7.  The Court denied the remaining portion of Defendants' Joint Motion to Dismiss recognizing that prisoners retain First Amendment rights while incarcerated. Thornburgh v. Abbot, 490 U.S. 401 (1989).  The Court further recognized that "these rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." Id. at 407 (quoting Turner v. Safley, 482 U.S. 78, 85 (1987)). See also, Overton v. Bazzetta, 539 U.S. 126 (2003). Consequently, the Court permitted the parties an opportunity to further develop the facts of this case consistent with the standards enunciated by the Supreme Court in Turner and Overton.

-2-

This cause is now before the Court on Defendants' Motion for Summary Judgment (Doc. #59), filed February 22, 2005. Attached to Defendants' Motion is the Affidavit of James Upchurch, Bureau Chief of Security Operations, Florida Department of Corrections (Doc. #61)[2]. Defendants seek summary judgement on the grounds that the photographs were properly rejected pursuant to constitutionally sound Department regulations. First, Defendants maintain that the photographs constitute a "package" and thus, violate the Department's no package policy. Defendants' Motion, page 3, ¶6. Further, the Defendants argue that the photographs violate Rule 33-201.101 because they depicted a "person or persons who were unclothed and/or depicted acts defined as sexual conduct" and prohibited pursuant to Florida Statute. Defendants' Motion, page 3, ¶7. As discussed *infra*, Defendants contend that these Department regulations do not violate Plaintiff's Constitutional rights. Additionally, Defendants seek summary judgment of the grounds that the Prison Litigation Reform Act ("PRLA") requires Plaintiff to demonstrate actual physical injury before he can recover monetary damages. Thus, Plaintiff cannot recover compensatory damages. Last, Defendants raise the affirmative defense of qualified immunity to the extent that the Court finds Plaintiff's constitutional rights were violated, which Defendants deny.

---

[2]   Hereinafter referred to as "Upchurch Affidavit."

Plaintiff twice was advised of the provisions of Fed. R. Civ. P. 56 and given an opportunity to respond to Defendants' Motion. See Docs. #13 and #62 filed march 10, 2003 and April 20, 2005, respectively. As of the date of this Order, Plaintiff has filed no response to Defendants' Motion. This matter is now ripe for review.

## II. Standard of Review

With respect to the standard for granting summary judgment, the Eleventh Circuit Court of Appeals has stated:

> [S]ummary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In re Optical Technologies, Inc., 246 F.3d 1332, 1334 (11th Cir. 2001). "Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment." Lofton v. Secretray of Dept. Of Children and Family Services, 358 F.3d 803 (11th Cir. 2004).

The parties' respective burdens and the Court's responsibilities are outlined as follows:

> The party seeking summary judgment bears the initial burden to demonstrate to the district court the basis for its motion for summary judgment and identify those portions of the pleadings, depositions, answers to

interrogatories, and admissions which it believes show an absence of any genuine issue of material fact. Taylor v. Espy, 816 F.Supp. 1553, 1556 (N.D. Ga. 1993) (citation omitted). In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party. Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987).  If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exist genuine issues of material fact. Matsushita Electric Industrial Co. v. Zenith Radio Corp.[,] 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. G1991).

Applicable substantive law will identify those facts that are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. Id. For factual issues to be considered genuine, they must have a real basis in the record. Matsushita, 475 U.S. at 586-87, 106 S.Ct. at 1355-56. It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather determine whether such issues exist to be tried. Anderson, 477 U.S. at 249, 106 S.Ct. at 2135.  The Court must avoid weighing conflicting evidence or making credibility determinations. Id. at 255, 106 S.Ct. at 2513-14. Instead, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918-19 (11th Cir. 1993); see Mulhall v. Advance Sec. Inc., 19 F.3d 586, 589-90 (11th Cir.), cert. denied, 513 U.S. 919 (1994); see also Hickson Corp. V. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004).

"It is true that on a motion for summary judgment, all reasonable inferences must be made in favor of the non-moving party." Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) (citation omitted). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Id. (citations omitted). Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir.)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)), reh'g and suggestion for reh'g en banc denied, 182 F.3d 938 (11th Cir.), cert. dismissed, 528 U.S. 948 (1999).

### III. Undisputed Facts and Conclusions of Law

Plaintiff, an inmate at Charlotte Correctional Institution, ordered 40 photographs of a single female from Cine Research, Inc., a commercial vendor located in New York. Plaintiff acknowledges that these photographs depict "a woman who goes through various poses and consists of nudity and her touching herself." Complaint, Affidavit of Plaintiff, page 30. The photographs were confiscated

by correctional officials who provided Plaintiff with an Unauthorized Mail Return Receipt on July 12, 2002 stating that the photographs were being returned to Cline Research, Inc. for the following reasons:

> (x) contains nude photograph(s) or photograph(s) that reveal genitalia, buttocks, or female breast;
>
> (x) pictorially depict sexual conduct as defined by FS 847.001 or present nudity or lewd exhibition of the genitals in such a way as to create the appearance that sexual contact is imminent;
>
> (x) Other: touching of unclothed genitals and breasts.

Complaint, Exhibit B, page 23. On July 13, 2005, Plaintiff filed an informal grievance challenging the mail room's confiscation of the photographs; requesting that the photographs be reviewed by the Literature Review Committee; and if deemed inadmissible, requesting that the photographs not be returned to Cline, but sent to "whomever" Plaintiff directs. Complaint, Plaintiff's Informal Grievance dated July 13, 2002, Exhibit A. On July 15, 2002, Plaintiff's grievance was denied with the following response:

> Nude photos are not authorized. Photos are property items, Literary Review Committee does not review property items. Your photos will be returned to sender, destroyed or mailed somewhere else at your expense. You have 30 days from 7-12.

Id. Response to Inmate Informal Grievance dated July 15, 2002, Exhibit A. Plaintiff then filed an informal grievance to the Assistant Warden in which Plaintiff disputed that "all of the photos were offensive" and disputed that the photos "pose[d] a threat to the security of institution." Id. Informal Grievance

-7-

dated July 23, 2002, Exhibit C.  Plaintiff's grievance was "returned without action" and Plaintiff was instructed to "re-file an informal grievance with Mr. Vartiainen, Mail Room Supervisor." Id.  Response to Informal Grievance dated July 25, 2002, Exhibit C. Plaintiff resubmitted his informal grievance to the Assistant Warden and explained he previously filed a grievance with the mail room and was seeking review of the pictures by someone other than Mr. Vartiainen.  Id. Informal Grievance dated August 5, 2002, Exhibit D.  Plaintiff's grievance was "denied" and Plaintiff was advised that the mail room "rejected" the pictures because they "depicted masturbation."  Id. Response to Informal Grievance dated August 7, 2002, Exhibit D.  Plaintiff then filed an Appeal to Superintendent arguing that he was entitled to have the pictures reviewed by a "an officer or official other than the person disapproving the mail." Id.  Request for Administrative Remedy of Appeal dated August 26, 2002, Exhibit E.  Plaintiff's Appeal was denied.  The denial references an "attached informal grievance" that "appropriately addresses [Plaintiff's concerns]."  Further, Plaintiff is advised that Mr. Vartiainen "will get you a correct notice on the rejection and will give [Plaintiff] 30 days to make arrangements to dispose of the pictures." Id. Response to Request for Administrative Remedy of Appeal dated August 27, 2002, Exhibit E.  Plaintiff filed a final appeal to the Secretary of the Department of Corrections in which he maintained that there is no Department rule that prohibits the photographs and, if there is,

then the rule "is overly restrictive." Id. Request for Administrative Remedy of Appeal to Secretary dated September 8, 2002, Exhibit F. Plaintiff's Appeal to the Secretary was "reviewed and evaluated" and "denied." Id. Request for Administrative Remedy of Appeal dated August 27, 2002, Exhibit E.

Prior to November 14, 1995, the Department had in place a "package policy" that allowed inmates to receive packages. Upchurch Affidavit, ¶5. The Department on this date amended its rules to no longer permit inmates to purchase or receive any commodities or property, other than publications, from sources outside the Department due to security concerns. The Department repealed the package permit rule because it was experiencing recurring incidents where contraband was being secreted into the institutions inside the commodities or the packaging itself. Upchurch Affidavit, ¶6. Inmates can receive reading material such as "publications, including, books, newspapers, magazines, brochures, flyers, and catalogues, calenders and any other printed materials" provided the items were sent directly a publishers, mail order distributor or bookstore. F.A.C. Rule 33-501.401. Single photographs are not considered "reading material" by the Department. Upchurch Affidavit, ¶4. Photographs are permissible through the rules governing routine mail correspondence. Rule 33-210.101 provides that inmates may receive in routine mail correspondence (c) photographs, provided that they do not depict

nudity or reveal genitalia, buttocks, or the female breast. Upchurch Affidavit, ¶3.

The photographs in question were rejected for two reasons: (1) they violated the Department's no package permit policy; and (2) depicted an unclothed person and/or acts defined as sexual conduct prohibited by Florida Statute and Rule 33-201.101.

## IV. Applicable Law

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or of the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

An inmates's First Amendment rights, however, are not without restriction. Lawson v. Singletary, 85 F.3d 502, 509 (11th Cir. 1996). The Turner rule, adopted by the Supreme Court in Turner v. Safley, 482 U.S. 78, 85 (1987), employs a reasonableness standard for evaluating prison regulations that may infringe on an inmates' constitutional guarantees: "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Id. at 89. The Turner Court provides four factors in evaluating a regulation: (1) whether there is a "valid, rational connection" between the regulation and a legitimate governmental interest put forward to justify it; (2) whether there are alternative means of

exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates and the allocation of prison resources generally;[3] and, (4) whether the regulation represents an "exaggerated response" to prison concerns. See Turner, 482 U.S. at 89-91; Shaw v. Murphy, 532 U.S. 223, 229-30 (2001).

The Supreme Court subsequently reaffirmed the Turner standard in Thornburgh v. Abbot, 490 U.S. 401 (1989). The Court agreed that prison officials could deny inmates incoming publication if they were deemed "detrimental to institutional security." Id. at 403. Affording officials with "broad discretion" is especially appropriate where "the regulations at issue concern the entry of materials into the prison." Id. at 416-17.

The Court "accords substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining a corrections system's legitimate goals and determining the most appropriate means to accomplish them." Overton v. Bazzetta, 539 U.S. 126 (2003); see also Bell v. Wolfish, 441 U.S. 520, 547 (1979). Hence, courts should defer to the judgment of prison officials given the "inordinately difficult

---

[3] The Court must also consider the "ripple effect" of any accommodation. See Turner, 482 U.S. at 90 ("When accommodation of an asserted right will have a significant 'ripple effect' on fellow inmates or on prison staff, courts should be particularly deferential to the informed discretion of corrections officials.")

undertaking" posed by modern prison administration. Turner v. Safley, 482 U.S. 78, 85 (1987). See also, Lawson v. Singletary, 85 F.3d 502, 510 (wherein the Eleventh Circuit recognized that management of prisons is complex and court's are ill-equipped to deal with such problems). This is particularly true where state penal facilities are involved. Newman v. State of Alabama, 683 F.2d 1312 (11th Cir. 1982); Smith v. Sullivan, 611 F.2d 1039 (5th Cir. 1980).[4]

### V. Application of Law to Facts

The Court finds that the photographs in question were procured through a commercial vendor and thus are considered a "package" that inmates have not been authorized to receive since November 14, 1995. Upchurch Affidavit, ¶7; Complaint, Response to Inmate Informal Grievance dated July 15, 2002, Exhibit A . Additionally, the pictures depict an unclothed person and/or depict acts defined as sexual conduct which are prohibited pursuant to Florida Statute and Rule 33-201.101. Upchurch Affidavit, ¶7; Complaint, Exhibit B, page 23; Complaint, Affidavit of Plaintiff, page 30. Thus, there is not dispute that the photographs were properly rejected. The focus, instead is whether the regulations upon which Plaintiff's photographs were rejected pass Constitutional muster. The Court finds they do.

---

[4]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

First, the Court finds a valid rational relationship between both regulations and the Department's interests and rejects Plaintiff's unsupported claim that the photographs do not pose a "threat to the security of the institution." Complaint, page 13. The Department's decision to implement a no package policy permit was predicated upon its past recurring experiences with contraband being secreted into the penal facilities.  Similarly, the Court is persuaded that  Rule 33-201.101 seeks to prohibit materials that would constitute a valuable trading commodity that inmates will use for bartering and possible theft contributing to violence in the volatile prison environment.  Moreover, the Court agrees that sexually explicit photographs serve no rehabilitative purpose. The Department need not produce scientific evidence to conclusively determine that  pornography has detrimental effects on an inmate's rehabilitation, rather the Court need only find that the Department "reasonably" believes it does.  Amatel v. Reno, 156 F.3d 192, 199 (D.C. Cir. 1998).  The Court finds ample authority exists to support Defendants' position that "pornography exposure can have a significant detrimental impact" on the Department's efforts to rehabilitate an inmate's criminal behavior, especially those whose offenses involve a sexual component. Id. (The D.C. Circuit, in upholding a federal statute banning pornography from the Federal Bureau of Prisons as satisfying the Turner standards, noted congress' intent in promulgating the statute was predicated in part on its belief that pornography adversely affected rehabilitation).

Clearly, the legitimacy of the Department to implement regulations to promote security and rehabilitation is indisputable. Thornburgh v. Abbot, 490 U.S. 401, 403 (1989)(finding the legitimacy of a security concern "beyond question."); O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (agreeing rehabilitation is a "valid penological objective); Procunier v. Martinez, 416 U.S. 396, 413 (1974).

Second, the Court finds that Plaintiff has alternative means of exercising his rights. Although, Plaintiff's "right" to the very material deemed obscene is foreclosed, his "right in question must be viewed sensibly and expansively." Thornburgh v. Abbot, 490 U.S. at 417. Thus, Plaintiff is afforded a vast array other reading materials such as "publications, including, books, newspapers, magazines, brochures, flyers, and catalogues, calenders and any other printed materials" provided the items are sent directly by a publisher, mail order distributor or bookstore. F.A.C. Rule 33-501.401. Additionally, inmates have generous routine mail policies that permit inmates to receive personal correspondence. F.A.C. Rule 33.201.101. Accordingly, the Court finds that Plaintiff's First Amendment rights are intact since he may obtain non-prohibited photographs or materials from other sources.

Third, the Court finds that accommodating Plaintiff's alleged "[First] Amendment right to view "adult" material" (Complaint, page 14)has a significant impact on the guards, other inmates and

allocation of prison resources. The Court is particularly persuaded by the Department's position that sexually explicit photographs would be offensive to female staff and have the propensity to subject female staff to harassment. Upchurch Affidavit, ¶10. Additionally, the Court is cognizant of the potential for disruptive conduct by other inmates, discussed *supra*, once the material gets into the institution and becomes circulated.

Finally, Plaintiff does not offer an alternative to the current regulations or argue that the regulations are an exaggerated response. Nor, is the Department obligated to demonstrate that the current regulations are the "least restrictive alternative." <u>Turner</u>, 482 U.S. at 90. Consequently, the Court finds the regulations relied upon by the Department in rejecting the photographs Plaintiff ordered are reasonable and satisfy constitutional scrutiny in this matter.

Similarly, the Court does not find that Plaintiff's due process rights were violated. The regulations at issue were in place at the time Plaintiff ordered the photographs. Plaintiff was given notice of and the reason for the photographs' rejection. It is clear that the photographs were subject to a detailed review by prison officials and Plaintiff was afforded a four-step grievance process to contest the review findings. Plaintiff's position that he should be allowed to review the photographs is unpersuasive. To permit an inmate to be able to view the illicit materials would

encourage wide spread abuse by inmates seeking a "sneak peek" at the very material that is deemed sexually offensive and prohibited.

## VI. Conclusion

Here, the Court finds that undisputed facts demonstrate that Defendants did not violate the Plaintiff's constitutional rights. Thus, the Court need not address the other grounds raised by Defendants in their Motion for Summary Judgment. Any other claims not specifically addressed are found to be without merit.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Defendants Motion for Summary Judgment (Doc. #59) is **GRANTED**.

2. The Clerk of Court shall (1) enter judgment in favor of the Defendants; (2) terminate any pending motions; and (3)close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this   20th   day of September, 2005.

```
                                    _____
                                    JOHN E. STEELE
                                    United States District Judge
```

SA:   hmk

Copies: All Parties of Record